WATSON, Judge.
This is an appeal of a tort claim, by Bobby Mitchell Stevens, plaintiff, who alleges that he was injured while attempting to ride a horse owned by Jeff Benhard, whose liability insurer is defendant, Zurich Insurance Company. The issue on appeal is whether the trial court erred in finding that plaintiff assumed the risk of injury, thus precluding recovery under the strict liability doctrine of Holland v. Buckley, 305 So.2d 113 (La., 1974).
The issue for decision is mostly factual. Stated briefly, the facts are that plaintiff, Bobby Mitchell Stevens, was present at a ranch owned by Mr. Benhard and managed by Jimmy Stevens, brother of plaintiff. Bobby was injured while attempting to ride a horse “Nancy” which had been saddled by Antoine “Blue” Bell, a long-time employee of the ranch. On the day prior to Bobby’s accident, the horse had thrown Bell, causing a slight cut to his chin. Although it is disputed, there is a contention that Bell had been instructed to put the horse aside for further training.
In any event, Bell had saddled the horse on the day of Bobby’s accident and was preparing to ride the horse himself. Bobby *12 undertook to ride the horse and according to Bell’s testimony the horse fell down and Bobby dismounted. Then despite Bell’s warning, Bobby got back on the horse and the horse fell on Bobby’s leg, causing a serious injury.
The trial court found as a fact that Bobby had ample opportunity, after the horse began bucking to dismount safely. Our review of the record indicates a reasonable evidentiary basis for this finding; in fact, the record indicates that Bobby was probably off the horse after it had begun bucking, as Bell testified, and actually remounted to attempt to ride the horse again.
Under these circumstances the trial court found that plaintiff assumed the risk of injury. This finding is clearly correct and under the decision in Holland v. Buckley, supra, there would be no liability on the part of the insurer here because the accident was caused by the fault of the victim. Under the case of Fontenot v. Soileau, 336 So.2d 1006 (La.App. 3 Cir. 1976), plaintiff would be precluded from recovery because he assumed the risk of injury.
Therefore, the judgment of the trial court is affirmed. Costs are taxed against Bobby Mitchell Stevens, appellant.
AFFIRMED.